# IN THE COURT OF APPEALS OF IOWA

No. 18-1825
Filed October 9, 2019

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**JESSE ROBERT COMLY III,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Clarke County, Randy V. Hefner,

Judge.

Following a guilty plea, Jesse Comly appeals his sentences.  **SENTENCE**

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**

Mark C. Smith, State Appellate Defender, (until withdrawal) and Vidhya K.

Reddy, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Darrel Mullins, Assistant Attorney

General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Bower, JJ.

**DOYLE, Judge.**

Jesse Comly pled guilty to lascivious acts with a child, a class 'C' felony, in violation of Iowa Code section 709.8(1)(a) (2017), and dissemination and exhibition of obscene material to a minor, a serious misdemeanor, in violation of section 728.2. In its judgment and sentencing order, the district court imposed indeterminate terms of incarceration for each offense and directed that the sentences be served consecutively with credit for all time served in connection with the case. The court imposed but suspended the minimum fines and 35% surcharges. Among other things, the court ordered Comly to pay as restitution court costs, the $25 sex offender registration fee under section 692A.110(1), a $250 civil penalty under section 692A.110(2), and a $125 law-enforcement-initiative surcharge (LEI) under section 911.3. The court found Comly did not have the reasonable ability to pay restitution for court-appointed legal assistance and ordered reimbursement of $0 for any such obligation. The court ordered payment of restitution for court costs but made no finding of a reasonable ability to pay.

About a month after entry of the judgment and sentence, the county sheriff, under section 356.7, applied for restitution and reimbursement for room-and-board fees and medical services and products totaling $11,449.30. Two days later, and some hours after Comly filed his notice of appeal, the district court entered an order for restitution and reimbursement ordering that Comly

> reimburse the Clarke County Sheriff's Office for room and board and medical services and products in the amount of $11,449.30 plus any costs for medical services and products provided to [Comly] while [he] was incarcerated and the bills have been received as of this date by the Sheriff's Office, and that judgment is hereby entered against [Comly] in that amount.

The order further provided that "this Order shall constitute a plan of restitution unless [Comly] files an objection hereto within 10 days of this Order." Nothing in our record indicates the court made a reasonable-ability-to-pay determination of Comly's ability to reimburse the county for room-and-board fees and medical services and products. The order entered against Comly became "a judgment for purposes of enforcement by the sheriff" upon approval by the court. Iowa Code § 356.7(3).

Comly appeals arguing the district court improperly ordered him to pay restitution for court costs, including correctional fees, without first determining his reasonable ability to pay the same.[1] The State argues Comly's challenge is premature "because the district court has not yet issued a final restitution order." We disagree. While the supreme court has stated "[r]estitution orders entered by the court prior to the final order are not appealable as final orders," *State v. Albright*, 925 N.W.2d 144, 161 (Iowa 2019), both of Iowa's appellate courts have often vacated restitution-related orders absent a final restitution order.[2]

The district court can only order restitution for "court costs including correctional fees approved pursuant to section 356.7" to the extent that the offender has the reasonable ability to pay. Iowa Code § 910.2(1); *Albright*, 925 N.W.2d at 159. Here, the district court made no determination of Comly's reasonable ability to pay restitution for court costs, including correctional fees,

---

[1] Our supreme court decided recent amendments to Iowa Code section 814.6 (2019) limiting direct appeals from guilty pleas apply only prospectively and do not apply to cases, like this one, pending on July 1, 2019. *See State v. Macke*, ___ N.W.2d ___, ___, 2019 WL 4382985, at *7 (Iowa 2019).

[2] *See State v. Moore*, No. 18-1877, 2019 WL 4297255, at *5 n.3 (Iowa Ct. App. Sept. 11, 2019) (collecting cases).

before rendering judgment against him for the same. The imposition of court costs, including correctional fees, "must await the filing of a final restitution plan and a determination of [Comly]'s ability to pay." *State v. Smeltser*, No. 18-0098, 2019 WL 2144683, at *1 (Iowa Ct. App. May 15, 2019). Applying *Albright*, we vacate the court's orders for restitution and remand the matter to the district court for receipt of a final restitution plan and a determination of Comly's reasonable ability to pay.

Comly also argues the district court entered an illegal sentence in imposing the $125 LEI surcharge. The statutory surcharge does not apply to the offenses to which Comly pled guilty. The State agrees. We vacate that portion of Comly's sentence and remand for entry of a corrected sentencing order omitting the LEI surcharge.

**SENTENCE AFFIRMED IN PART, VACATED IN PART, AND REMANDED.**